WILLIAM G. REDFIELD, TRUSTEE, vs. JOHN M. MARVIN, ADMINISTRATOR, ET ALS.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It is now a well-established general rule in this State that pecuniary legacies, unless the will prescribes otherwise, are payable one year from the death of the testator, and bear interest only from that date.

In the present case the testator gave $10,000 in trust, with directions to the trustee to invest and pay over the principal to the beneficiary in twenty equal payments of $500 each, at intervals of three years, the first payment to be made three years after his decease. The will then directed that "at every payment of principal as aforesaid there shall be added to such payment all the interest accrued upon the whole principal unpaid up to the time of such payment." *Held* that there was nothing in the language of the will, nor in the relation of the parties, which made the legacy in question an exception to the general rule ; and therefore it bore interest not from the date of the testator's death but only from one year thereafter.

Argued January 25th—decided March 8th, 1906.

APPEAL from an order and decree of the Court of Probate for the district of New Haven allowing the account of

the administrator *c. t. a.* upon the estate of Betsey G. Sperry, deceased, taken to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error; judgment to be rendered confirming probate decree.*

*Harrison Hewitt* and *Ward Church,* for the appellants (defendants).

*Clifford I. Stoddard,* for the appellee (plaintiff).

TORRANCE, C. J. In April, 1902, Betsey G. Sperry died leaving a will which was duly probated. Marvin, the appellant here, is the administrator with the will annexed of the estate of the testatrix, and Redfield, the appellee here, is the trustee of the persons and funds described in the sixth, seventh, and eight clauses of said will. The sixth clause of the will reads as follows :—

"I give to my executor hereinafter named ten thousand dollars, in trust, however, to invest the same, and to pay over the principal thereof to said Anna B. Harland or her children, in twenty equal successive payments of five hundred dollars each, at intervals of three years between such payments, and commencing with the first payment three years from my decease. Such payments during the life of said Anna are to be made to her, and after her decease equally to and among her children ; and at every payment of principal as aforesaid there shall be added to such payment all the interest accrued upon the whole principal unpaid up to the time of such payment. Upon the death of said Anna and all her children living at my decease before the date for the final payment of principal as aforesaid, the principal and interest unpaid at the death of the last survivor of said Anna and her children living at my decease shall be paid equally to her children then living, born after my decease, if any there be, and if there be none then, equally to the brothers and sister of said Anna ; provided,

however, that upon the death of any of the children of said Anna living at my decease, leaving issue surviving, such issue shall at the death of such parent, if said Anna is then dead, or if she is not then deceased, then at her decease, take what remains of the share of such deceased parent."

The seventh clause reads as follows : " I give the sum of three thousand dollars to Walter A. Harland, son of said Anna B. Harland ; but I hereby direct that this bequest shall not absolutely vest in said Walter A. Harland, but shall be retained by my executor, and invested and paid over to said Walter in six equal successive payments of five hundred dollars each, at intervals of five years between such payments, commencing with the first of said payments five years from my decease ; and at every payment of principal there shall be added to such payment all of the accrued interest on the whole principal unpaid up to the date of such payment. In case of the death of said Walter before the date of the final payment of said principal as aforesaid, the principal of said trust estate unpaid and the accrued interest thereon shall at his decease be paid equally to his children, and if he leaves no children surviving, to his brother, Arthur M. Harland."

The language of the eighth clause, giving $3,000 to Arthur M. Harland, is in every respect, save the name of the legatee, the same as that of the seventh clause.

These are all the provisions of the will that have any material bearing upon the main question involved in this appeal, which is, whether interest upon said three legacies should be allowed from the death of the testatrix, or only from the end of the first year after her death.

The trustee claimed interest from her death, and the Court of Probate disallowed, and the Superior Court sustained, his claim ; and whether the Superior Court erred in so doing is the main question here.

Walter A. and Arthur M. Harland are sons of Anna B. Harland, who is a niece of the testatrix. During her minority Anna lived with the testatrix as a member of her

family, and was to some extent dependent on her for support; but she was married when she was about the age of sixteen years, and since then has had a home of her own. She is now about forty-two years old. Arthur always lived with his mother, but the testatrix aided in his support and education. Walter from childhood lived with the testatrix until her death, and she paid some of his expenses of living and education until he became able to aid in his own support, " when he paid said testatrix such amounts as he was able for board. . . . The average rate of income earned by the personal property of said estate during the year following the death of the testatrix was four per cent. The income or interest earned by the legacy for the benefit of said Anna B. Harland during the first year after the death of said testatrix was $389.51; on the legacy for Arthur M. Harland $116.85; and on the legacy for Walter A. Harland $116.85."

In addition to these facts the court finds as follows: " I find from the language of the will that it was the intent of said testatrix, Betsey G. Sperry, that all the income or interest earned by said legacies during the first year after her death be paid to and received by the trustee for Anna B. Harland, Walter A. Harland, and Arthur M. Harland."

The facts found as to the relationship of the testatrix to Mrs. Harland and her two sons, and the conduct of the testatrix toward them, do not warrant the conclusion that she stood *in loco parentis* to them; and the court has not found that she did; nor does its judgment appear to be based upon any such fact. On the contrary, that judgment appears to be based solely upon " the language of the will "; and by that we understand the court to mean the language of the sixth, seventh, and eighth clauses of the will, in the light of the entire will and of the facts set forth in the finding.

The well-established general rule in this State is that pecuniary legacies, when no time of payment is fixed, become payable one year from the death of the testator, and bear interest only from that date. *Bartlett* v. *Slater*, 53 Conn. 102, 106; *Duffield* v. *Pike*, 71 id. 521, 530; *Webb* v. *Lines*,

77 id. 51, 54.   There are certain recognized exceptions, real or apparent, to this general rule, and some of them are stated in *Bartlett* v. *Slater* and *Webb* v. *Lines, supra ;* but we think the case at bar does not fall within any of the recognized exceptions.

In the three clauses here in question, the testatrix makes a gift of the principal in trust to each of the legatees named therein, to be paid over to each legatee at stated intervals, in instalments, until the whole principal is paid over ; and in each clause she provides in these words for the payment of interest: " and at every payment of principal there shall be added to such payment all the accrued interest on the whole principal unpaid up to the date of such payment." It is from these words, mainly, that the Superior Court finds that the testatrix intended the legacies in question to draw interest from the date of her death ; but we think they do not support such finding.   The testatrix provides that these three legacies shall be invested, and then she provides how and when the principal shall be paid, and how and when the income resulting from such investment shall be paid ; but she nowhere fixes the exact time when the investment shall be made, nor the time when the income shall begin ; nor does she provide, either expressly or by fair implication, that said legacies shall carry interest from the date of her death.   Had she intended these three legacies to carry interest from the date of her death, she well knew how to express such an intent: as witness the tenth clause of her will, where, in effect, she provides that certain legacies shall bear interest from her death.   Moreover, the " interest " directed to be paid upon the three legacies is only the income which " accrues " from the investment of them by the trustee ; and as the testatrix must have known that no such income could be earned till such investment was made, and that no such investment could or would be made until some considerable time after her death, it cannot well be inferred that she intended that " interest " should be paid from the date of her death ; and we think the court below erred in finding that she so intended.

There is error; the judgment appealed from is set aside, and the cause remanded that judgment may be rendered confirming the decree of the Court of Probate.

In this opinion the other judges concurred.