ABRAHAM L. BEIT, EXECUTOR, *vs.* MINNIE BEIT ET ALS.

Second Judicial District, Norwich, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and JENNINGS, Js.

A testator gave $5,000 to his thirteen year old daughter, payable at the time of her marriage, "the interest on this money accruing during all the time until the reverting to her of the principle"; and later he gave all the rest of his "cash," deducting the $5,000 "above mentioned," equally to his four sons. Upon a suit to construe the will it was *held:*—
1. That the interest was not intestate estate nor did it pass to the sons

Beit *v.* Beit.

on the daughter's marriage, and that until that time it was to accumulate for her benefit.

2. That this interest did not begin to accrue until one year after the testator's death.

3. That the $5,000 bequeathed to the daughter was a present gift vesting in her in point of right at the death of the testator, although it could not be enjoyed if the legatee died unmarried, in which event the principal and interest would become intestate estate.

4. That the term "cash" as used in the will included specie, bills and bank deposits, but not the other personalty owned by the testator at his death, which included an interest in a meat business, hides, and household furniture, which were not disposed of by the will.

The testator, who throughout his will showed an inability to express himself with grammatical or verbal accuracy, gave the income of his realty to his wife and daughter, to the former for life, to the latter until marriage, and then provided that the "entire income from the real estate proper" (later referred to in the disjunctive, as income *or* real estate) should "revert to my four sons or as many of them as shall then be living and my daughter." In a later clause he restated the interest of the wife and daughter in the realty, and then provided that his wife should not have the power to dispose of it, as he desired to have it remain for the use and benefit of his children in the event of his wife's death. *Held:*—

1. That the two clauses were not inconsistent, but disclosed a clear intention upon the part of the testator to divide his realty equally, in fee, among his five children, taking as a class a present vested interest, subject only to the life estate of his wife and to the daughter's interest in one half of the income until her marriage.

2. That the income of the real estate was to be divided equally between mother and daughter until the latter's marriage, after which the mother was to receive it all during her lifetime, as she was, also, in case the daughter should predecease her unmarried.

Argued October 17th—decided December 11th, 1922.

SUIT for the construction of the will of Sam Beit of Norwich, deceased, brought to and reserved by the Superior Court in New London County, *Greene, J.*, upon the allegations of the complaint, admitted by the answers, for the advice of this court.

The plaintiff is executor of the will of Sam Beit of Norwich, who died January 30th, 1921. The material provisions of the will are as follows:—

"First:—After my legal debts are paid, I give, bequeath, and devise unto my beloved daughter, Alta

Beit, at present thirteen years of age, the sum of Five Thousand Dollars ($5,000.00) such amount to be paid to her at the time of her marriage, the interest on this money accruing during all the time until the reverting to her of the principle.

"Second:—All the rest, residue and remainder of whatever cash will be mine, deducting the Five Thousand ($5,000.00) Dollars above mentioned, shall be divided equally among my four sons, Abraham Beit, Abe Beit, Nathan Beit, and Max Beit.

"Third:—All the income derived from whatever real estate is mine shall be divided equally between my wife, Minnie Beit and daughter, Alta Beit, until my daughter shall be married, at which time my wife shall derive the entire income therefrom; and after the death of my wife the entire income from and the real estate proper shall revert to my four sons or as many of them as shall be then living and my daughter, who, at that time will be either married or otherwise, such income from or real estate proper shall be equally divided among them.

"Fourth:—After my death the real estate will be the property of both my wife and daughter as above mentioned, and become the sole property of my wife after the marriage of my daughter, as above provided for, but my wife shall not have the power to sell this real estate or dispose of it in any manner or means whatever, as I desire to have this real estate remain for the use and benefit of my children in the event of the death of my wife."

All of the above legatees outlived the testator. The inventory and appraisal of his estate includes real estate appraised at $12,800, bank deposits aggregating $16,049.02, and $4 in specie and bills, and an interest in a meat business, hides, and household furniture, appraised in all at $1,075.

Beit *v*. Beit.

The questions arising upon the conflicting claims made by the legatees are stated as follows:—

"(a) Regarding the bequest to his daughter, Alta Beit, made in the first paragraph of said will as to whether the interest accruing upon said bequest, between the date of the testator's death and the payment of said bequest to the beneficiary, should be paid over to the beneficiary at the time of the payment to her of the principal, or whether it should then be divided between the testator's sons, or whether it should then be treated as intestate estate.

"(b) Regarding the legacy mentioned in the second paragraph of said will as to the proper construction of the word "cash" used therein and as to what classes of personalty are comprised under said word.

"(c) As to whether the fee of the real estate of the testator mentioned in the third and fourth paragraphs of the will vests absolutely in the wife, subject to the interest of the daughter as mentioned in the third paragraph, or whether it vests jointly in the five children as a class or otherwise, subject to the wife's life interest and the interest of the daughter before mentioned, or whether the wife takes a life interest therein, subject to the said rights of the daughter and at her death the five children take a life interest jointly, with the remainder over becoming intestate estate.

"(d) In case the true construction of said will is that the surviving children have a life interest in said real estate after death of the mother, does the share of any one of them dying thereafter vest in the remaining children or in the heirs of the deceased child.

"(e) In case that said daughter, Alta Beit, should die before her mother, would her heirs inherit upon the death of the mother, the interest in the real estate which the daughter would have taken at her mother's death, had she survived.

"(f) In case the said daughter should die unmarried and prior to the death of her mother, does the portion of the income from the real estate, to which the said daughter was entitled until her marriage, vest in the mother or in the heirs of the said daughter, or does it become intestate estate."

*Charles W. Cassidy,* for the plaintiff.

*Wallace S. Allis,* for the defendants Abraham Beit *et als.*

*Virtume P. A. Quinn,* for the defendant Minnie Beit.

*Henry H. Pettis,* for the defendant Alta Beit.

BEACH, J.  We take the several questions in their order.  (a) By the phrase "the interest . . . accruing during all the time until the reverting to her of the principle," the testator admittedly intended the interest on the bequest to Alta Beit to accumulate for some purpose until the principal became payable to her at the time of her marriage.  The only subject-matter of this first clause of the will is a provision for Alta.  Presumably the accumulation of interest goes for her benefit.  That is the natural result of a pecuniary legacy postponed in enjoyment and coupled with a provision for accumulation of interest until the time for payment arrives.  The term "accruing" suggests the same result, and no other disposition of the accumulated interest is expressed.

The claim that it is given to the testator's four sons by the second clause of the will, is met by the fact that the gift to them in that clause is by its express terms a present gift of the balance of the testator's cash "deducting the $5,000 above mentioned."  We re-

gard the suggestion that the accumulated interest becomes intestate estate at the time of Alta's marriage, as quite inadmissible.

The question whether the interest on this $5,000 should begin to accrue at the date of the testator's death or one year thereafter, seems to be answered by the case of *Redfield* v. *Marvin,* 78 Conn. 704, 63 Atl. 120, where the testator made several pecuniary legacies payable in instalments, and directed that "at every payment of principal . . . there shall be added to such payment all the interest accrued upon the whole principal unpaid up to the date of such payment." We held that interest did not begin to run on these legacies until one year after the testator's death, and we see no distinction between that case and this.

On the brief for the testator's four sons, the claim is made that the legacy to Alta Beit is contingent upon her marriage, and that if she dies unmarried it passes to the four sons under the second clause of the will. This question, whether the legacy to Alta Beit vested at the death of the testator, or is contingent on her marriage, is one upon which the executor has not asked for judgment, and is not, therefore, included in the reservation as a question upon which our advice is asked. It seems clear, however, that the gift is a present gift vesting at the death of the testator, though its enjoyment depends on a contingency which may never happen, and cannot happen in case Alta dies unmarried. In that case the principal and interest will become intestate.

(b) On its face the testator must have intended the term "cash" in the second clause of the will to include bank deposits. Otherwise it would be impossible to deduct from the cash given to the sons the $5,000 already given to the daughter by the first clause of the will. Bank deposits are often spoken of as money in

bank or cash in bank, and so a gift of cash which cannot otherwise have any effect must be construed to include bank deposits. We are not aware, however, of any usage which would permit us to say that the word in question can be stretched to cover the other personal property described in the inventory as interest in meat business, hides and household furniture. If the testator intended the second clause to cover these items, he has unfortunately failed to use words which express that intent, and the result is that they are not disposed of by the will.

(c) The third and fourth clauses of the will dispose of the testator's real estate. He divides the income thereof equally between his wife and daughter until the latter shall be married, when the entire income is given to his wife for life. The first question is whether the gift over to the sons and daughter is in fee or for life. The disposing words are: "After the death of my wife the entire income and the real estate proper shall revert to my four sons or as many of them as shall then be living and my daughter." The word "revert" is evidently used in the same sense as in the first clause of the will, meaning to vest in enjoyment, and such a gift over after the death of the life tenant is a present class gift subject to the life estate. *Norton* v. *Mortensen*, 88 Conn. 28, 89 Atl. 882. The same intent is expressed by the concluding words of the fourth clause: "I desire to have this real estate remain for the use and benefit of my children in the event of the death of my wife."

A difficulty is supposed to arise from the final phrase of the third clause: "such income from or real estate proper shall be equally divided among them"; but if the use of the disjunctive was not a mere inadvertence, the shadow of uncertainty thus created is not enough to cut down the fee already given.

The claim is also made by the daughter Alta, that the equal division above provided for is an equal division between "my four sons or as many of them as shall then be living," taking as a class, "and my daughter." This claim attaches too much importance to the position of the phrase "or as many of them as may then be living," for it assumes that the testator had some knowledge of the grammatical implications which might be drawn from placing this phrase before the words "and my daughter," instead of after them; whereas, the whole will shows that he was incapable of expressing himself with grammatical or verbal accuracy.

Taking the whole third clause together, it fairly expresses the testator's intent that the real estate proper should be equally divided among his five children at the death of his wife.

The fourth clause is not inconsistent with the third. It does not give the widow a base fee after the marriage of the daughter, but, taken as a whole, it repeats and emphasizes the dispositions of income and real estate already made by the first clause of the will. The equal shares of the five children, all of whom survived the testator, vested in right at the death of the testator, though postponed in enjoyment until the death of the widow.

Questions (d) and (e) are answered by what has already been said.

(f) The gift to Alta of one half of the income from the real estate until marriage, is a temporary provision for her benefit until, by marriage, she becomes entitled to the legacy given her by the first clause of the will. It is of course not transmissible to her heirs. Upon Alta's marriage the entire income is given to the widow for life, but the question whether it also goes to the widow in case of Alta's death unmarried is not free

Beit *v.* Beit.

from difficulty. Every other intent is excluded. Intestacy is presumptively excluded. The intent that any part of this income should go to the four sons before the death of the widow is positively excluded. On the other hand, the gift of the entire income to the widow after Alta's marriage manifests a general intent that she should have the entire income when Alta ceased, by the terms of the will, to be entitled to it; and looking at the whole effect of the third clause, we think it may fairly be construed as expressing that intent.

The Superior Court is advised: (a) that the interest accruing upon the bequest to Alta Beit, from one year after the testator's death to the time of her marriage, should be paid over to the beneficiary at the time of the payment to her of the principal; (b) that the term "cash" in the second clause of the will includes specie, bills, and bank deposits, and does not include the other personal property mentioned in the inventory and appraisal; (c) that the fee of the real estate mentioned in the third and fourth paragraphs of the will vested in the five children of the testator as a class, share and share alike, at the testator's death, subject to the wife's life interest and to the interest of the daughter in one half of the income thereof until the daughter marries; (d) the construction of the will suggested in question (d) is not its true construction; (e) the interest of Alta Beit in the corpus of the testator's real estate vested at the testator's death; (f) in case Alta Beit should die unmarried, the portion of the income from the real estate to which she is entitled until her marriage, passes to the testator's widow for life.

No costs will be taxed in this court.

In this opinion the other judges concurred.