CHARLOTTE W. CLEARY ET AL. v. ESTATE OF
CHARLES P. WHITE

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 74159

Memorandum filed June 12, 1947.

*Kenealy & Ryan,* of Stamford, for the Plaintiff.

*Cummings & Lockwood,* of Stamford, for the Defendant.

ALCORN, J. The evidence contains very limited facts. Charles P. White, hereinafter referred to as the testator, died on an undisclosed date leaving a will dated March 26, 1937, in the second article of which he bequeathed to his wife $26,500 in cash or such securities as she might select from his estate, subject to the provisions of article fifth of his will. Article fifth provided in substance that if the $26,500 legacy was less than "her statutory share" in his estate, he then gave her the additional sum needed "to complete such statutory share," expressing the intent that his wife receive "in absolute and outright ownership, either said statutory share in my property and estate, or the sum of Twenty-six Thousand Five Hundred ($26,500) Dollars, whichever shall be the larger:".

About eight months after the testator's death his wife died between June 27, 1944, and April 3, 1945, counsel for her executors wrote several times to counsel for the testator's executors inquiring when a distribution might be expected, in whole or in part. On June 14, 1945, counsel for her executors by letter acknowledged receipt of a check dated June 4, 1945, for $13,000 "in partial liquidation of the legacy due Vivian King White from the estate of Charles P. White." Following other inquiries in August, 1945, the attorneys for her executors, on July 19, 1946, wrote as follows:

July 19, 1946

"Matthew H. Kenealy, Esq.
21 Bedford Street
Stamford, Connecticut

"Re: *Estate of Charles P. White
Vivian King White, Legatee*

"Dear Sir:

"We hereby acknowledge the receipt, from you, of check for $13,500.00 drawn by the Estate of Charles P. White and payable to the Estate of Vivian King White. This check brings the aggregate payments made by the Executors of Charles P. White to $26,500.00, the amount of the minimum legacy which Mr. White provided for Mrs. White by the terms of his will.

You will recall by Mr. White's Will, his wife was left the sum of $26,500 or 1/3 of his Estate, whatever was the larger. At the moment we are not advised as to the amount of Charles P. White's net Estate. As soon as it appears by proper accounting of the Executors that the payment of $26,500.00 exceeds 1/3 of Mr. White's net Estate, we will be glad to prepare and deliver to you a proper release. This commitment to deliver the release above mentioned is conditioned upon payment of any interest which may be legally due to the extent that such interest has not been waived in whole or in part.

Very truly yours,

CUMMINGS & LOCKWOOD

By (signed) *Francis P. Schiaroli*

Attorney for Executors of the Estate of Vivian K. White"

The case was presented to the court upon the conceded premise that both payments on the legacy were made more than one year after the testator's death and that the $26,500 legacy exceeds the wife's "statutory share" of the estate. There is also no dispute that the Probate Court on October 18, 1946, entered an order accepting and allowing the account of the testator's executors, as follows:

"This Court further finds that there is due the estate of Vivian K. White, deceased, under Paragraph Two of the will of Charles P. White, deceased, in addition to the $26,500.00, legacy mentioned in said account as having been paid to said estate, interest on said sum at the legal rate, starting one year from the date of death of said Charles P. White to the time of the respective payments of the principal of such legacy; it is therefore

"ORDERED, That said account be and it hereby is accepted excepting the omission of the interest item referred to;".

It is from this order that the appeal is taken. The appeal alleges and the Probate Court's order allowing the appeal finds that the appellant Charlotte White Cleary is an heir-at-law and residuary legatee under the will and that the appellant Richard C. Kettles, Jr., is an executor of the will. The appellees are the executors of the legatee wife's estate.

It is not disputed that the legacy to the wife, being a pecuniary one with no time of payment fixed, became payable one year from the testator's death and bears interest from that date. *Redfield v.Marvin,* 78 Conn. 704. The single issue raised is that

the circumstances under which the two payments totaling $26,500 were accepted preclude the legal representatives of the legatee from now claiming interest. Both parties tried the case upon the assumption that the payments made satisfied the principal of the legacy and that the dispute is solely over the interest thereon. This was also the theory underlying the order of the Probate Court appealed from. Appellants' contention is that the principal amount of the legacy has been accepted and, therefore, the right to recover the incidental interest is gone, relying upon the doctrine that where payment of the principal of a debt has been voluntarily accepted in full satisfaction interest cannot thereafter be recovered in the absence of an express agreement to pay it. *Canfield* v. *Eleventh School District,* 19 Conn. 528.

When the first payment of $13,000 was made the legal representatives of the legatee gave no full release but, on the contrary, accepted it "in partial liquidation of the legacy." When the second payment of $13,500 was made they likewise gave no release in full. Their letter of July 19, 1946, makes clear, first of all, that, at the time they were not aware of the size of the estate and consequently could not determine whether or not they might be entitled to a further principal amount under the will. In the event that it should later appear that no such further amount would be due, the legatee's representatives indicated a willingness then "to prepare and deliver to you a proper release . . . conditioned upon payment of any interest which may be legally due to the extent that such interest has not been waived in whole or in part."

There is no evidence that the two payments were made or tendered by the testator's executors as a full discharge of the legacy and the fact that they were not so received by the representatives of the legatee distinguishes the case from *Matter of Hodgman,* 140 N. Y. 421, and *In re Hodgson's Estate,* 11 N. Y. 2d 384, in both of which the legatee was found to have received the principal amount of the legacy in full satisfaction and was thereafter denied a subsequent recovery of interest.

"The proper method of applying partial payments upon a legacy is first to discharge any interest that is due and then use the balance of the available money to reduce the principal sum. . . . An unpaid balance of a legacy continues to draw interest until it is fully discharged." *First National Bank & Trust Co.* v. *Baker,* 124 Conn. 577, 591. In connection with the quoted language our Supreme Court cited *State Bank of Chicago* v.

*Gross,* 344 Ill. 512; *In re Erving's Estate,* 92 N. Y. 1109; *Matter of Rutherford,* 196 N. Y. 311; and *Hubbell's Estate,* 216 Cal. 574. The court does not indicate whether it adopts the theory of the Illinois and California courts, which treat interest on a pecuniary legacy as a part of or an accretion to the legacy itself, or the theory apparently held by the New York courts that the interest is not an integral part of the legacy but is chargeable only as damages for delay. It would seem, however, that the stated rule as to partial payments of principal and interest presupposes an acceptance of the Illinois and California doctrine. The preferable and apparently indicated construction is to treat the interest as an incident of the legacy rather than a penalty for neglect or delay in payment. The Massachusetts court also adopts this construction. *Kent* v. *Dunham,* 106 Mass. 586, 590. This doctrine gives purpose to the rule of payment above quoted and the rule operates fairly to estates and legatees. It gives the legatee his interest and it enables the estate, when faced with the necessity of a partial distribution, to defray interest to the date of partial payment and thereafter be chargeable for interest only on the unpaid principal balance of the legacy rather than upon the entire legacy.

It is therefore held upon the facts in issue here that the payment of $13,000 is to be construed as paying first the nterest due upon the legacy of $26,500 for the period from one year after the testator's death to June 4, 1945, and thereafter the remaining amount of that payment is to be construed as reducing the principal of the legacy; the payment of $13,500 is likewise to be applied first in payment of interest upon the principal amount of the legacy remaining unpaid on June 4, 1945, for the period from that date to July 19, 1946, and the balance of that payment is to be construed as further reducing the unpaid principal of the legacy. The remaining balance unpaid on July 19, 1946, is due the legatee's estate in principal, with interest thereon until paid.

Since the order of the Probate Court is that the legatee is entitled to interest upon the whole legacy of $26,500 for the period "starting one year from the date of death of said Charles P. White to the time of the respective payments of the principal of such legacy," it is erroneous to the extent indicated. It is impossible upon the evidence introduced, however, to compute the exact amount due.

The appeal is sustained.