[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION TO AFFIRM AND TO VACATE ARBITRATION AWARD FACTS
On or about April 6, 1986, Sanseer Mill Associates Limited Partnership (Sanseer) and Construction Services of Bristol, Inc. (Construction) were engaged in a complicated construction contract dispute. In the process certain funds in the total amount of $104,100 were put in escrow with Attorneys Pepe and Hazard. That escrow, although all in cash, derives from two different agreements. One is derived from the parties' agreement to place $69,594 in cash in escrow to cover certain cash payments which were due Construction and the other derived from an agreement to substitute $34,500 in cash for a letter of credit in favor of Construction.
On February 17, 1989, Sanseer and Construction entered into a stipulation in this action (Freed, J.) under which additional issues were seemingly made part of the submission to arbitration, but on or about November 21, 1989, Sanseer and Construction limited the submission by entering into a "Stipulation Re: Scope of Arbitration" (the Submission) and it is that stipulation which is the Submission for the purposes of this memorandum.
The Submission required the arbitrator to decide, with certain irrelevant exceptions, "all issues that arise from or relate to the renovation of the . . . office . . ., the Three Party Agreement, Construction Contract Modification Agreement . . ., a note in the principal amount of $100,000 and a note in the principal amount of $550,000." In addition, the parties submitted the issue of "[Construction's] right, if any, to payment under a certain $550,000 . . . note . . . and whether it is entitled to (and the amount it may) call certain letters of credit provided by [Sanseer] to Construction pursuant to the . . . $550,000 [note]."
On or about April 20, 1990, the arbitrator made a written award (Award).
On April 24, 1990, the parties were notified of the Award.
On or about April 25, 1990, Construction sought a clarification and/or correction of the Award citing alleged typographical errors. CT Page 2515
The arbitrator's Award is lengthy and detailed. It gives the defendant $179,431, plus interest, at the rate of 10% on $79,431 from January 7, 1988. The Award denied attorney's fees and arbitration costs but made some unexceptional orders in regard to certain "administration fees and expenses" payable to the American Arbitration Association (AAA) and compensation for the arbitrator.
The arbitrator ordered that Sanseer shall pay to Construction "(c) $100,000 on the accelerated second mortgage note . . .". He had previously found that Construction "was within its rights in declaring the $100,000 note due."
Plaintiff seeks to vacate the Award because the arbitrator exceeded his authority in (1) ordering plaintiff to pay on a certain note because that note was "at issue on only a limited basis in the arbitration" and (2) in ordering plaintiff to pay on the note rather than to declare the rights of the parties in the note.
In the alternative plaintiff seeks a correction in the Award deleting any requirement of affirmative direction that plaintiff pay and substituting "declaratory language."
Plaintiff also complains about the arbitrator's conclusions in regard to responsibility of the parties for "delays."
LAW
There is nothing more basic to arbitration than the rule that the arbitrator's award must conform to the submission. Hartford v. Local 760. 6 Conn. App. 11, 13-14. In our case the submission does not include the parties' briefs but only the Submission.
I. Order to Pay
This court finds that although the arbitrator's powers were broad they did not include orders to pay. The arbitration decision is modified to that extent; i.e., the $100,000 note is due and payable.
II. Responsibility for Delays
The determination by an arbitrator of responsibility for delays in a large construction contract is a classic use of arbitration. Here the arbitrator found that he could not in good faith make the determination. Such candor, although not rare, should certainly not be condemned. It is a CT Page 2516 justifiable conclusion based on the submission. This court does not look at the evidence.
III. Manner of Payment
Even though this court has found that the arbitrator did not have the power to order payment, he did have the power to determine "the manner of payment . . . and how certain escrow funds held by Pepe Hazard . . . shall be disbursed."
Sanseer complains that the arbitrator failed to direct "the manner of payment" of the $50,000 cash payment awarded in paragraph VIII (a) of the Award and the $29,431 accelerated portion of the $550,000 note. It needs no explanation. Sanseer is obligated by the Award to pay those two sums in United States of America dollars. Cash may mean specie; money bills and even bank deposits. Beit v. Beit, 98 Conn. 274,279-280, Webster's New International Dictionary, Second Edition. It does not mean other personal property. Beit v. Beit, supra. 280. The Award says nothing about payment "in the form of the provision [sic] or return of certain letters of credit." Chase National Bank Schleussner,117 Conn. 370, 371; Rogers v. English, 130 Conn. 332, 341-342.
Because these two sums were treated in exactly the same way by the arbitrator, the court infers he meant the same result for each — cash payment in money.
IV. Escrow
The arbitrator's Award does not directly address the issue of the escrow but the parties agree "that $34,000 [the court interprets this to be $34,506] of the escrow shall be deemed to be the last letter of credit" and it is.
The Award found Construction was entitled to $50,000 under the first part and $29,431 under the second. In addition he awarded interest on that total at 10% per annum from January 7, 1988.
Since the monies were placed in escrow, interest has accrued and the parties, without prejudice, estimate that the present balance in the entire escrow account is some $117,000. Thus, we have an Award which orders distribution of funds in the neighborhood of $101,000 and leaves the balance — roughly $16,000 — without any specific order directed to it. This court finds that the award intended that balance to be distributed to Sanseer; the parties agree; and it is ordered.
Judgment shall enter in accordance with this memorandum. CT Page 2517
N. O'NEILL, J.