JOHN M. HOLCOMBE, TRUSTEE, *vs.* ARTEMESIA HAND SKINNER SPENCER ET ALS.

Third Judicial District, Bridgeport, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

A testator gave his niece *S* the life use of $10,000, with remainder in fee to her children in such proportions as she might direct and appoint by her will. By his first codicil he gave an additional $10,000 in trust for said niece's children, the interest or income of which was to be annually added to the principal until the children severally became thirty years old (unless sooner incapacitated by sickness or otherwise, in which case they were to receive their respective shares

Holcombe *v*. Spencer.

of the interest "of said amount" as needed), when each was to take his portion of the interest "on said amounts" during his lifetime. *S* had five children when the testator died, all of whom are now living and over thirty years old. In a suit by the trustee for a construction of the will, it was *held:* —

1. That the accumulations of income not required for the use of two of the children prior to their becoming thirty years old, should be added to and increase, not the principal of the respective pro rata shares of those two legatees, as they contended, but the principal of the entire fund.

2. That as each child reached the age of thirty he was entitled to receive his pro rata share of the interest or income of two amounts: one the original principal of $10,000, and the other the aggregate of the yearly accretions.

3. That neither of the aforesaid legatees was entitled to demand for his own use any part of the income accumulated while he was under the age of thirty.

4. That certain other provisions of the will, which, it was claimed, modified the intent of the testator as expressed in the first codicil, had reference not to the trust fund therein given, but only to the bequest in the will to *S* for life with remainder to her children.

A will ought not to be interpreted so as to promote equality between beneficiaries of the same class, if it is apparent that the testator did not mean to confer an equal benefit on each.

Argued November 2d—decided December 17th, 1909.

ACTION by a testamentary trustee for instructions as to the disposition of certain funds, brought to the Superior Court in New Haven County and heard before *Case, J.*, who gave judgment construing the will in a certain way, from which certain of the defendants appealed. *No error.*

*James Kingsley Blake,* for the plaintiff.

*George E. Beers,* for Artemesia Hand Skinner Spencer and George Edward Hand Skinner, appellants.

*Harry W. Doolittle,* for William S. Skinner *et al.,* guardians, appellees.

BALDWIN, C. J. In the will of Daniel Hand, executed in 1872, was this bequest: "I give and bequeath to my

niece, Mrs. Artemesia Skinner, wife of William Skinner, the sum of ten thousand dollars, in trust, to securely invest the principal of said sum, and to apply the annual income thereof to her own sole and separate use and benefit, free from any marital control or interference during her natural life; and at her decease I give and bequeath the principal of said fund and its accumulations, if any, to her children, in such proportions as she may by her last will direct and appoint, and in the absence of such appointment, to her children and her legal representatives, equally."

There were several codicils. In the first, made in 1874, was a bequest to his executors and the survivor of them, in trust for the children of his niece Mrs. Artemesia Skinner, of "the sum of ten thousand dollars additional to what I have already given her in my said will and testament, to be by them safely invested in first-class securities as they shall judge best and so held, the accruing interest to be annually added to the principal until said children severally become thirty years old, unless they become incapacitated by sickness or otherwise, in which case they shall receive their several shares of the interest of said amount as needed; and on their arrival at said age of thirty years they shall be entitled to receive the interest on the said amounts, pro rata, in said bequest during their natural lives; and if any of said children shall die before arriving at said age of thirty years, and leave children, such latter children shall represent such as have deceased, and the said amounts from such bequest shall descend to the children of such children, or their legal heirs, the interest alone during their natural lives being available to the parents; and on the death of such parents the said bequest shall be equally divided among said children, to them and their heirs forever."

The plaintiff sues as the sole trustee of the fund so created by the codicil, but describes himself in the complaint (which is found true) as also trustee of the other

trusts created by the testator, and administrator *de bonis non* with the will annexed.

Mrs. Skinner had five children when the testator died, all of whom are now living and over thirty years of age.

The plaintiff succeeded to the trust in 1905. His predecessor had added to the pro rata shares of two of the children in the capital of the fund, accumulations of income, not needed for their use, respectively. The annual income received from the aggregate amount of one of these shares, as thus increased, the plaintiff since his appointment has paid over to one of the beneficiaries who had previously attained the age of thirty years. The other reached that age in 1908. Each has now demanded payment of so much of said trust fund as represents such accumulated income upon his pro rata share.

The trustee asked the Superior Court whether he should comply with these demands; and, if not, whether the accumulations of income should be treated as increasing the principal of the entire fund, or only that of the respective pro rata shares of the two legatees above described.

The judgment rendered was right in directing that he should not comply with the demands, and should treat such accumulations as increasing the principal of the entire fund.

The testator, for one purpose, and only one, makes a distinction between the original trust fund and its accretions. After directing the addition of interest to principal, until the children of Mrs. Skinner respectively attained the age of thirty, he makes an exception under certain circumstances by providing that they shall then "receive their several shares of the interest of said amount as needed." Here "said amount" naturally and grammatically refers to "the principal" originally bequeathed. The child incapable of supporting himself was to receive his ratable proportion of the income from the securities in which it might be invested.

But as each child reached the age of thirty, he was "to receive the interest on the said amounts, pro rata, in said bequest." The use of the plural term "amounts" indicates that they were to share in the enjoyment of the interest on two amounts. There were but two that could have been in the testator's mind. One was that already mentioned—the original principal: the other was that to be formed by the accretions which might be annually added. So when the bequest in remainder is settled, the phrase is "said amounts from such bequest shall descend." It thus appears that the testator had in mind a total fund made up of two amounts, and that his general scheme was to make it an accumulating fund until the last of Mrs. Skinner's children should reach the age of thirty. Each of them, as he attained that age, would receive annually his pro rata share of the entire income for the year from the accumulated fund: none of them would ever come into the enjoyment of any part of the *corpus* of the fund.

Whether the gifts in remainder made in the first codicil are valid, and, if invalid in whole or part, whether that would affect the absolute gift, made at the beginning of this "item" of the codicil "in trust for the children of my niece, Mrs. Artemesia Skinner," are questions which need not be considered in determining the rights of the two of them who are now seeking to appropriate to their own use part of the income accumulated while they were under the age of thirty. The fund, in respect to any such claim, is an entirety, and they are no more entitled now to demand part of its accretions than they would be to demand a part of the original principal.

In the will a trust fund of $10,000 was established, for the use during life of a nephew, Ichabod Lee Scranton, Jr., and his wife, subject to a provision for the support and education of their children, until they arrived at the age of eighteen. When their youngest child became of full age, and both parents were dead, the principal and its

accumulations, if any, were to be divided among "said children and their legal representatives." By the fourth paragraph of the fifth codicil (executed in 1880), when the youngest child became of full age and both parents were dead, the children were to receive the income during their lives only; the *corpus* to go to their legal representatives *per stirpes*.

The fifth paragraph of the same codicil provided for the support of any minor child of Mrs. Skinner who might survive her "from the aggregate income" of the $10,000 trust fund created in the fifth article of the will; and also that, whenever afterward the youngest child attained majority, the "income of such trust fund" should go to all the children for their lives, "the representatives of any deceased child to take the share which said child would have received if living"; and that the *corpus*, on the death of all the children, should go *per stirpes* to "the legal representatives of such deceased children."

In the seventh paragraph of the fifth codicil it is provided that "as to the bequests to Artemesia Skinner and her children, and Ichabod Lee Scranton, Jr. and his children, no male child shall receive any portion of the income of said trust funds after arriving at the age of twenty-one years, until such male child shall arrive at the age of thirty years, but the income which such male child would otherwise receive shall be held in trust for him until he arrives at the age of thirty years, when the same shall be paid to him, if living, or if he shall be dead then to his legal representatives: provided, however, that if any of such male children of said Ichabod Lee Scranton, Jr., or Artemesia Skinner shall after they become twenty-one years old and before they are thirty years old become incapacitated to support themselves by their efforts, then I authorize my said trustee to pay over such a portion of such trust estate as shall be held for such incapacitated child as may be necessary for its comfortable support, and at any time

before it arrives at the age of thirty years. But this clause shall not be in force until after the death of said Ichabod Lee Scranton, Jr. and Artemesia Skinner, respectively."

In our opinion, this paragraph, so far as concerns the Skinner family, relates not to the trust fund left in the first codicil, which is solely for Mrs. Skinner's children, but to that left by the will to her for life, with remainder to her children. It cannot, therefore, be regarded as modifying the intent of the testator as indicated in the first codicil.

It is contended that the construction given to the provisions in question by the Superior Court departs from the rule that in case of doubt wills should, if they fairly can, be interpreted so as to promote equality between beneficiaries of the same class. But it is manifest that the testator did not mean to confer an equal benefit on each of Mrs. Skinner's children. Those who first reached the age of thirty would share in the income before the others, and his provision for a succession in favor of legal representatives applies only to those who may die leaving children. When, also, the fund, in the income of which each of Mrs. Skinner's children can claim the enjoyment of a share, is increased by accumulations, it is increased for the equal benefit of all thus entitled to participate.

There is no error.

In this opinion the other judges concurred.