THE COLONIAL TRUST COMPANY, EXECUTOR (ESTATE OF LYDIA L. ADAMS) *vs.* EFFIE OPHELIA WALDRON ET ALS.

First Judicial District, Hartford, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 7th—decided November 7th, 1930.

*Wilbur G. Manchester*, for the plaintiff.

*Howard F. Landon,* for the defendant Effie Ophelia Waldron.

*Samuel A. Herman,* for the defendant Town of Winchester.

*Theobald E. Conway,* with whom, on the brief, was *William W. Gager,* for the defendant The Berkshire County Home for Aged Women.

WHEELER, C. J. Lydia L. Adams, a resident of Winchester, died June 5th, 1929, leaving a will with codicil which were duly approved and admitted to probate and the plaintiff who was named as executor in the will duly qualified. The testatrix, who was the widow of Charles E. Adams, left neither father, mother nor descendants. Her only heir at law was the defendant Effie Ophelia Waldron, an adopted daughter. The executor is of the opinion that there will be a residuary estate to be disposed of after paying the expenses of the estate and satisfying the bequests.

The questions of law reserved for our advice concern articles five and nine of the will which are quoted in the footnote.

---

5. I give and bequeath to The Colonial Trust Company, of Waterbury, Connecticut, the sum of One Thousand Dollars ($1,000.00), in trust, however, to hold, manage, invest and reinvest, and to pay over the net income thereof to my adopted daughter, Effie Ophelia Waldron, of Winsted, Connecticut, for and during her life. Upon her death said trust shall cease and determine and the principle thereof shall become a part of the rest and residue of my estate.

9. All of the rest and residue of my estate, both real and personal, and wherever situated, I give, devise, and bequeath to The Colonial Trust Company, of Waterbury, Connecticut, in trust, however, for the uses and purposes following: To hold, possess, manage, invest and reinvest the same, with full power and authority to sell, lease, or mortgage the same and to execute any deeds or conveyances as may be necessary for that purpose, and generally to execute said trust in accordance with the laws of the State of Connecticut regarding investment of trust funds. I direct my said trustee to add the net income of said fund to the principal thereof, and further direct that said fund and all accumulations thereto, shall be held by said Trust Company and be disposed of in accordance with the provisions of this Will for the distribution of the rest and residue of my estate.

For many years I have been of the opinion that public convenience and necessity required a bridge over the Narrows between First Bay and Second Bay in Highland Lake, in said Winsted, and if such a highway bridge is built by the Town of Winchester and opened for travel at any time within twenty-five years from the date of my death, I give, devise and bequeath to said Town all the rest and residue of my estate then in the hands of my Trustee for

The questions concerning article nine are as to the legality and operation of the trust, and its extent if operative, and specifically as to the interest of the town of Winchester and of the Berkshire Home for Aged Women. The attack made upon both gifts in the residuary article is that they are made upon a condition precedent and are incapable of vesting until a period beyond that prescribed by the rule against perpetuities.

The law favors a construction of the provisions of a will which will secure the early vesting of estates and recognizes that this will effectuate the intent of the testator "where no other indication of that intent appears in the will as read in the light of the surrounding circumstances." *Norton* v. *Mortensen,* 88 Conn. 28, 31, 89 Atl. 882. In *White* v. *Smith,* 87 Conn. 663, 673, 89 Atl. 272, we say: "The first of these principles [favoring vested estates] is one of no small consequence, since the preference of the law for vested estates goes so far that a construction which makes an estate vested instead of contingent ought to be adopted if the language of the will will fairly admit of it. *Farnam* v. *Farnam,* 53 Conn. 261, 278, 2 Atl. 325, 5 id. 682." The law will presume that the testator intended that the title to his estate should vest at the moment his will becomes operative unless the will clearly mani-

the purpose of defraying part of the cost of said bridge. If any of my real estate should then be unsold by my said Trustee, the same may be conveyed to the said Town of Winchester in part payment of this gift.

In the event, however, that said bridge should not be built and opened for travel within twenty-five years from the date of my death, all rights of said Town in and to my residuary estate shall cease and determine and I give, devise and bequeath all of my residuary estate in the hands of my trustee to the Berkshire County Home for Aged Women, located in Pittsfield, Massachusetts, for the general purposes of said Home, the same to be to it and its successors and assigns forever.

fests an intent to postpone the vesting to a future time. *Johnes* v. *Beers,* 57 Conn. 295, 302, 18 Atl. 100. "For all interests," Cleaveland, Hewitt & Clark, Probate Law and Practice of Connecticut (Ed. 1915), at page 600, says, "are to be construed as vested if possible, 'vested' meaning broadly 'not subject to a condition precedent'." While at page 599 it is said, "a condition will, if possible, be construed as subsequent rather than precedent, so that the estate will be vested but subject to be divested on the happening of the contingency." This principle, as CHIEF JUSTICE PRENTICE pointed out in *White* v. *Smith, supra,* is founded on public policy, as well as that other principle, "that if a provision is fairly open to two constructions, that which will avoid intestacy will be preferred."

Let us examine article nine to see if there can be found within it a clear manifestation of intent to defer the vesting of the testatrix's residuary estate beyond the period sanctioned by the rule against perpetuities. In this article the testatrix gives, devises and bequeaths the residue of her estate in trust to hold, manage, and invest, adding the income to the principal of the residue, and directing that the residue with the accumulations shall be disposed of as provided by the will for the distribution of the residue. Immediately thereafter she gives, devises and bequeaths to the town of Winchester this residue, then in the hands of the trustee, for the purpose of defraying part of the cost of a bridge over the Narrows between First Bay and Second Bay in Highland Lake in Winchester, provided the same shall be built within twenty-five years of her death. In the event that the town shall not build the bridge within this period the testatrix provides that "all rights of said Town in and to my residuary estate shall cease and determine," and the same given, devised and bequeathed to the Berkshire County Home for

Aged Women. The article thus authorizes the creation of a trust fund with the possibility of an accumulation of its income for twenty-five years. There is nothing in the language of this provision which expressly indicates an intention on the part of the testatrix that the vesting of the residuary fund was or might be contingent upon the building of the bridge within the twenty-five years. There is nothing from which, by reasonable construction, though read in the light of the circumstances, a clear implication of such an intent can be drawn. The language of the testatrix evidences a clear manifestation that she intended the estate to vest when the will became operative. In her substitutionary gift in the event that the town shall not build and open the bridge within the prescribed period, she provides that "all rights of said Town in and to my residuary estate shall cease and determine." Her language indicates her thought that the town had already acquired rights under her will and that it was fitting that she should make manifest her intention that they should cease upon the town's failure to carry out the condition of her gift. The condition attached to her gift was not a condition precedent but a condition subsequent. The application of the two principles of construction to which we have referred would have required this conclusion had not the language of the testatrix removed the issue of her intention from the realm of reasonable controversy.

The defendant Effie Ophelia Waldron concedes, as we hold, that the gift to the town is for charitable purposes, but claims that it must vest within the period prescribed by the rule against perpetuities. Our determination that this gift vested in the town at the time the will became operative disposes of this claim and makes unnecessary consideration of the claim of the town that the rule against perpetuities does not

apply to a gift for a charitable use. The attack upon this trust as a restraint against alienation must fail. "There is no rule which limits the continuance of a trust to any period of time. A trust is no more invalid for the reason that it may continue thirty years than is a life estate or estate in fee simple. The essential thing is that the beneficial interest under the trust vest in the *cestui que trust* within the time limited by law for the vesting of legal estates." *Loomer* v. *Loomer,* 76 Conn. 522, 527, 57 Atl. 167; *Greenwich Trust Co.* v. *Shively,* 110 Conn. 117, 124, 147 Atl. 367; *Gray* v. *Whittemore,* 192 Mass. 367, 78 N. E. 422.

The provision for accumulation in this article of the will which may be for a period of twenty-five years is valid since under our law we permit a reasonable period for accumulation without applying strictly in the case of a charity the twenty-one-year period of the rule against perpetuities, and there is nothing in this will which makes the period of twenty-five years unreasonable. *Woodruff* v. *Marsh,* 63 Conn. 125, 137, 26 Atl. 846.

In article five the testatrix gave $1000 in trust to The Colonial Trust Company, to hold, manage and invest and pay over the income to the adopted daughter of the testatrix, Effie Ophelia Waldron, during her life and provided that upon her death the trust shall cease and the principal become a part of the residue of the estate of the testatrix. The gift of the remainder to the beneficiaries under the residuary article subject to a trust for the benefit of the adopted daughter for life, vested in such beneficiaries upon the will becoming operative. *Johnson* v. *Edmond,* 65 Conn. 492, 499, 33 Atl. 503; *Chesebro* v. *Palmer,* 68 Conn. 207, 210, 36 Atl. 42. These beneficiaries would take the $1000 under the same conditions and for the same reasons they would take the rest of the residue disposed of in

article nine. In the event that the town shall fail to build the bridge and to open it for travel within twenty-five years from the date of the testatrix's death, the substitutionary gift over to the Berkshire County Home for Aged Women will take effect. The gift of the residue having vested in the town, the substitutionary gift over to another charity is valid. *Storrs Agricultural School* v. *Whitney,* 54 Conn. 342, 8 Atl. 141; *Christ Church* v. *Trustees,* 67 Conn. 554, 35 Atl. 552.

We answer questions 1, 6 and 7, yes; question 3, a vested interest subject to be divested upon the failure of the town to comply with the condition subsequent contained therein; question 4, a vested interest subject to be divested upon the town complying with the condition subsequent contained therein.

In this opinion the other judges concurred.