## CONNECTICUT COLLEGE FOR WOMEN
### vs.
## TOWN OF GROTON

Superior Court     New London County     File #11874

Present:   Hon. EDWIN C. DICKENSON, Judge.

Hull, McGuire & Hull,       Attorneys for the Plaintiff.

Benjamin H. Hewitt,       Attorney for the Defendant.

**MEMORANDUM FILED JANUARY 29, 1937.**    

DICKENSON, J. The plaintiff bases its right to exemption on **General Statutes, Section 1163.** As it recites in its brief the pertinent section reads as follows: "The funds and estate which have been or may be given by any person or persons to the trustees of Connecticut College for Women and by them respectively invested and held for the use of such institution shall, with the income thereof remain exempt from taxation . . . ."

The will under which the plaintiff takes contains a devise

of certain real estate and directs that all the rest be sold and the proceeds become a part of the general estate.

Following this direction are numerous gifts of money out of the general estate. The gift to the plaintiff is patently one of personalty although being a residuary clause, as a precautionary measure it contains the phrase "both real and personal" property and the word "devise". For throughout the clause the words "the funds" or "said funds" are used on eight different occasions and it is provided that the total amount to go to the plaintiff shall not exceed $300,000. If the residuum exceeds this figure there is a subsidiary residuary legacy.

Both from the statute and from the will then, it appears the plaintiff's legacy is not vested so far as an exemption is concerned until it is distributed.

The requirements of the statute, which must be strictly construed (Jewett City Savings Bank vs. Board of Equalization, 116 Conn., 172) fix the exemption period not at the date of the gift but when it is "invested and held for the use of" the donee.

As to the will, while there is a presumption of a vesting at the death of the testatrix, (Clarke's Appeal, 70 Conn., 195; Colonial Trust Co. vs. Waldron, 112 Conn., 216, 219; Blodgett vs. Bridgeport-City Trust Co., 115 Conn., 127) this presumption is removed by an expressed intent of the testatrix to the contrary.

2 Page on Wills, 2nd Ed., Sec. 1186, 1178.

Thompson on Wills, 2nd Ed., Sec. 461.

Emery vs. Cooley, 83 Conn., 235, 239.

While these last cases have to do with equitable conversion they are sufficient authority for the proposition that the real estate taxed never vested in the plaintiff and that it was therefor properly taxed by the defendant.

If the executor breached its duty in failing to dispose of the real estate as directed and so wrongfully incurred a tax that was paid out of residuary legacy of the plaintiff, this would constitute no cause of action against the defendant.

The demurrer is sustained on the grounds set forth in paragraphs 5 and 9, on the First Count, and on grounds set forth in paragraphs, 3, 4, 6, and 8 on the second count.