Frank E. Wolcott, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 100008.   Promulgated November 5, 1940.

*Thomas Hewes, Esq., E. Barrett Prettyman, Esq., F. Gloyd Awalt, Esq.,* and *Charles L. Smiddy, Esq.,* for the petitioner.
*Davis Haskin, Esq.,* for the respondent.

1152

OPINION.

LEECH: Respondent's specifically pleaded theory is that petitioner is taxable on the income of the four trusts under sections 166 and 167 of the Revenue Act of 1936. The issues, admittedly, for decision are whether, under sections 166 and 167, (1) petitioner is taxable on the income of the two trusts created for the children who were minors during the taxable year to the extent such income exceeded the amounts paid over for their suitable support, maintenance, and education, and (2) petitioner is taxable to any extent on the income of the two trusts created for the children who were adults during the taxable year.

All of the trusts were irrevocable. At the time of their creation, the trust of shortest duration, i. e., the one for Frank, had nine years to run. In the taxable year, that particular trust had only one more year to run. Nevertheless, there is no legal basis for taxing petitioner on any of the trusts under section 166, since no power of revocation was retained, and since the trusts were to end automatically and their corpora to revert by their terms upon contingencies beyond the grantor's control, namely, the lapse of time and the survival of the grantor. *Helvering* v. *Wood*, 309 U. S. 344.

Respondent builds a labored argument to the effect that because the trustee, a nonadverse interest, was given, the power to invade corpus for the purpose of fulfilling the obligations of the grantor, petitioner was in legal effect vested with a power to revest the entire corpus in himself within the meaning of section 166 (2). He is concluded in this position by the case of *Lewis Hunt Mills, Administrator*, 39 B. T. A. 798. In that case the Board held that the power to revest the corpus in the settlor could not vest until the contingency upon which it was exercisable occurred. Decision went against the taxpayer only because he had failed to disprove the occurrence of the contingency. Here, it has been shown that the trust income was ample to support, maintain, and educate suitably the two minor children in the taxable year, and that no invasion of corpus took place. As to the two adult children, petitioner was under no obligation, and no invasion of corpus took place. The nonoccurrence of the contingency vesting the power having been proved, petitioner must be sustained so far as his liability under section 166 is concerned. *Lewis Hunt Mills, Administrator, supra; Percy M. Chandler*, 41 B. T. A. 165, 175; *Lolita S. Armour*, 41 B. T. A. 777; *Katherine Boyd Morehead*, 42 B. T. A. 851.

Petitioner admits that he is taxable on the income of the trusts to the extent it was actually paid over in discharge of his duties to support, educate, and maintain those of his children who were minors in the taxable year, i. e., Janet and Richard. The 1936

net income of the trust for Richard was less than the amounts paid over during 1936 for his support, maintenance, and education; so the real question arises only as to the trust for Janet. Respondent contends that petitioner is taxable on the entire 1936 income of the trust for Janet, under both *Douglas* v. *Willcuts*, 296 U. S. 1, and section 167 of the Revenue Act of 1936.

Respondent's invocation of *Douglas* v. *Willcuts* rests upon the premise that the trust instrument provided for mandatory distributions of all the trust income to the beneficiary, and that whether the trustee distributed all, none, or only part of the income to Janet does not affect petitioner's liability. See *J. S. Pyeatt*, 39 B. T. A. 774.

We do not so read the indenture. It authorizes the trustee to apply the net income of the corpus for "the suitable support, maintenance and education of Janet M. Wolcott." Webster's New International Dictionary defines "suitable" as "fitting, proper, becoming." It lists as synonyms "proper, fitting, becoming, accordant, agreeable, competent, correspondent, compatible, consonant, congruous, consistent." In law, the word "suitable" has been held to involve an element of discretion. *Appeal of Bainbridge*, 79 Pa. 482, 485; *City of Worcester* v. *Board of Railroad Commissioners*, 113 Mass. 161, 171. Our construction of this indenture is that it authorizes the trustee in the exercise of its discretion to pay over such amounts of income as are necessary, in the judgment and discretion of the trustee, for the support, maintenance, and education of Janet and directs the trustee to accumulate the superfluous balance. Since here the trustee was a bank and not the grantor, the *Douglas* case thus may be applied only to the extent of taxing to petitioner the amounts actually paid over for Janet's support, maintenance, and education. *Percy M. Chandler, supra; Alfred C. Berolzheimer*, 40 B. T. A. 645; *Martin F. Tiernan, Trustee*, 37 B. T. A. 1048; dismissed, C. C. A., 3d Cir., June 29, 1940; *Hudson* v. *Jones*, 22 Fed. Supp. 938; *E. E. Black*, 36 B. T. A. 346; *George H. Deuble*, 42 B. T. A. 277; *Herbert W. Hoover*, 42 B. T. A. 289; *J. S. Pyeatt, supra; George H. Whiteley, Jr.*, 42 B. T. A. 402.

Respondent's next contention is that petitioner must be taxed on all the income of all four trusts because the trustee was directed to accumulate such income for petitioner's future benefit within the meaning of section 167 of the Revenue Act of 1936.

Considering these four identical trust instruments, as entireties, each in itself, as is proper (*Ellsworth B. Buck*, 41 B. T. A. 99; on appeal, C. C. A., 2d Cir.), we note that a careful distinction has been drawn throughout between principal and income. For instance, if the *income* is not sufficient for the purposes of the trust,

the *principal* is to be invaded. If a beneficiary should die before reaching 25, the *principal and* any unexpended *income* was to be divided among the other three trusts. The trustee is given the power, if it buys securities at a premium, to charge the premium against *principal or* against *income*, or partly against one and partly against the other. If securities are sold at a profit, the proceeds are to be added "to the *corpus* of this trust."

The deeds in their first alternative limitation provide that the particular trust is to terminate when the beneficiary reaches 25, and the trust *corpus* is then to be paid over to petitioner, if living. That is the only contingency upon which petitioner can receive the corpus. There is nothing said as to the disposition of accumulated income. Nevertheless, we think that the language, both in this instance and throughout the trust indenture, is so carefully chosen as to indicate an intent in petitioner that the unexpended income should be paid over to the beneficiary on termination. This is borne out by the acts of the parties, to which we may resort for evidence of intention. *Gibbs-Preyer Trust #1*, 39 B. T. A. 492; on appeal, C. C. A., 6th Cir. When the trusts for Frank and William subsequently terminated (after the taxable year), the corpus was returned to petitioner, but all of the unexpended income was paid over to them. In the circumstances, such a disposition of principal and income was wholly proper for the trustee to make. *New Haven Bank* v. *Hubinger*, 117 Conn. 417; 167 Atl. 914; *Brown* v. *Mead*, 121 Conn. 1; 183 Atl. 27; 4 Bogert on Trusts, sec. 811. The trust incomes in the taxable year were derived wholly from note interest and dividends; and there were no sales of corpus, the profits from which would have to be added to corpus. See *Antoinette K. Brown*, 42 B. T. A. 693. It follows, in our opinion, that the incomes of the trusts were not held for future distribution to the grantor, and that he can not be taxed thereon under section 167. *Higgins* v. *White*, 93 Fed. (2d) 357; *Commissioner* v. *Waterbury*, 97 Fed. (2d) 383; certiorari denied, 305 U. S. 638.

Upon the question of the taxability of petitioner upon the income of the four trusts under section 22 (a) of the Revenue Act of 1936, assuming but not deciding that this issue is before us and the burden of proof in respect thereto upon petitioner, we think that the evidence presented, under protest, establishes affirmatively that the rights retained by petitioner in the creation of the trusts fall far short of control or beneficial ownership of the trust properties. The situation as disclosed in no wise resembles that present in *Helvering* v. *Clifford*, 309 U. S. 331. Here the trusts are for long terms. They are all irrevocable and no power was reserved to amend or to remove the corporate trustee. Petitioner here reserved no right to vote the

stocks transferred in trust, as in *Frank G. Hoover*, 42 B. T. A. 786, nor did he, as in that case, reserve the right to direct investments by the corporate trustee. He did reserve the right to disapprove suggested investments, a very reasonable reservation in view of the wide latitude given the trustee in their selection.

The request for a finding of overpayment is granted. The amount of the overpayment will be computed under Rule 50.