THE UNITED STATES TRUST COMPANY OF NEW YORK
ET AL., EXECUTORS AND TRUSTEES (ESTATE OF
LAVINIA M. BROWN) *v.* GEORGE G. SHELTON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 2—decided April 20, 1943.

*William Imhof,* of the New York bar, appeared for the plaintiff but did not argue the cause.

*William C. Strong,* with whom, on the brief, was *William S. Hirschberg,* for certain defendants.

*John D. Walker,* with whom was *Edwin F. Morse,* for other defendants.

MALTBIE, C. J. Lavinia M. Brown, a resident of New Canaan, died July 3, 1932, leaving a will in the sixth paragraph of which she bequeathed $300,000 or securities of that value to her executors in trust to divide into fifteen separate trusts, one to be held for each of fifteen grandchildren named in the paragraph, and·in the seventh paragraph of which she disposed of all the rest, residue and remainder of her estate. The questions before us arise out of the provisions in the sixth paragraph that the executors, as regards each trust, should "pay over the income therefrom and from any accumulation of income thereof in as nearly as may be quarter yearly payments" to each grandchild living at the date of the execution of the will "from the time" he "shall have attained the age of eighteen (18) years until such time as the youngest surviving of the above named grandchildren shall arrive at the age of twenty-one (21) years," and that, at the termination of the trusts, $10,000 or securities of that value "from the principal" of each of the trusts should be paid to the grandchild for whom the trust was established, and the "rest of the principal remaining in each and all of said trust funds, together with any trust fund for a grandchild who may have died before the termination" of the trusts should become part of the testatrix' residuary estate.

When the testatrix died, five of the grandchildren were under eighteen years of age, the youngest having been born September 9, 1920, and all of the five are still alive. The executors were appointed trustees of the funds. They have retained in separate accounts, as to each of the trusts for grandchildren under eighteen when the testatrix died, the income which accumulated between her death and the time when the grandchild reached that age. The trusts have now terminated and we understand from the stipulation of facts

that each grandchild has been paid $10,000 from the trust established for him or her. The trustees, however, are in doubt as to the disposition to be made of the accumulated income.

The testatrix in unequivocal language directed that no income was to be paid to any grandchild until he reached the age of eighteen. Thereafter each was to receive the income from the trust fund and "from any accumulation of income" in quarter-yearly instalments. To read the will as giving to a grandchild under eighteen when the testatrix died the accumulated income when he reached that age would be to eliminate from the provision the word "from." If he was then to receive it, there would be no accumulated income which would earn income to be distributed to him thereafter. To hold him entitled to the accumulated income at that time would do violence to the intent that he should receive income from the accumulated income in quarterly instalments. The will negatives any intent of the testator that a grandchild should receive the accumulated income when he should become eighteen. There remains the question whether, the trusts having terminated, the grandchildren are now entitled to the accumulated income. The testatrix did not overlook the fact that income of this nature would be in the hands of the trustees but she very precisely stated the interest of the beneficiary in it; after he became eighteen he was to have, not the income itself, but the income from it. Just as precisely she stated the sum which the beneficiary was to receive from "the principal" of the trust at its termination, $10,000 or an equal value in securities. It is not possible to find in the paragraph any expression of an intent that at that time the beneficiary should receive, not that sum alone, but that sum increased by the amount of the accumulated income, in one instance

amounting to about $6000. To hold that the beneficiary of a trust should receive the accumulated income would be to run counter to the evident purpose of the testatrix to produce substantial equality in her treatment of the grandchildren; she intended that each should receive the income of the trust from the time he or she became eighteen until its termination and then have outright $10,000, compensating those who were under eighteen at her death for the loss of income until they reached that age by increasing the amounts they would receive by the income from that which had accumulated before that day.

The word "principal" is often used of a fund in contradistinction to the income derived from it. *Gammon* v. *Gammon,* 153 Ill. 41, 46, 38 N. E. 890; 3 Bouvier's Law Dictionary (3d Rev.), p. 2686. But the word has no precise and technical meaning, and its meaning depends upon the intent disclosed in the instrument as a whole. "The loose general idea involved in it is a source of income." *Sheets' Estate,* 52 Pa. 257, 267. In *New Haven Bank* v. *Hubinger,* 117 Conn. 417, 427, 167 Atl. 914, we construed it as not including certain income in excess of that necessary to carry out the provisions of the will, but the testator had overlooked the possibility that there would be such income, whereas here the testatrix not only did not overlook but made provisions as to the income in question, treating it indeed as a "source of income." She evidently intended in the sixth paragraph to make a complete disposition of all interests in the trust fund. It will best accord with the intent expressed by her to interpret the word "principal" to include not only the original trust fund but also the accumulated income. This is indeed suggested in the provision as to the final distribution, where the words used are "the rest of the principal remaining in each and all of said trust

funds" rather than the simpler phrase "the principal of each of said trusts," which she had used just before in making the gifts to the grandchildren. We interpret the will as meaning that the five grandchildren under the age of eighteen never became entitled to the income accruing before they reached that age, but that at the termination of the trust it fell into the residue as a part of the "principal remaining" after the payment of $10,000 or its equivalent in securities to the grandchild for whom the trust was established.

Ordinarily it is true that one to whom the income of a testamentary trust is given is entitled to all income earned by the fund from the death of the testator; *Webb* v. *Lines,* 77 Conn. 51, 54, 58 Atl. 227; *Chase National Bank* v. *Schleussner,* 117 Conn. 370, 376, 167 Atl. 808; *First National Bank & Trust Co.* v. *Baker,* 124 Conn. 577, 592, 1 Atl. (2d) 283; but that rule cannot prevail where the will manifests a contrary intent. *State* v. *Main,* 87 Conn. 175, 179, 87 Atl. 38. The situation before us is not like that before the court in the case last cited, where there was merely a gift of money to be paid at a future date; nor that involved in *Beit* v. *Beit,* 98 Conn. 274, 278, 119 Atl. 144, where we construed the particular provisions of the will to intend that the beneficiary should receive accumulated interest on a legacy to be paid to her at her marriage; nor that presented in *Jaretzki* v. *Strong,* 98 Conn. 357, 119 Atl. 353, where it was provided that the entire net income of a trust should be paid over to the beneficiaries for their maintenance, education and support but that the trustees should exercise a very broad discretion in withholding income .and as to the times it should be paid, and we held that any unused portion of the income should at the termination of the trust be paid to the beneficiaries. See *Stempel* v. *Middletown Trust Co.,* 127 Conn. 206, 218, 15 Atl. (2d) 305.

On the other hand, the case of *Holcombe* v. *Spencer,* 82 Conn. 532, 74 Atl. 904, presents a situation quite like the one before us; a trust fund was established for the children of a niece of the testator, the "interest" to be annually added to the principal until the children severally reached the age of thirty, at which time they would become entitled to receive "the interest on the said amounts" during their lives, "the interest alone" being available to them, but on their death the "bequest" was to be equally divided among their children, and we held (p. 536) that each beneficiary of the trust upon attaining the age of thirty was entitled to receive his pro rata share of the income from the principal and accumulated income but would never come into the enjoyment of the accumulated income. In *Bridgeport-City Trust Co.* v. *Beach,* 119 Conn. 131, 174 Atl. 308, the testatrix established a spendthrift trust for her son, with power in the trustee to withhold payments of income to him, directing that the "principal sum" that might remain at his death be paid to his wife and children, and we held (p. 140) that unused income should be distributed as a part of the principal. See also *Shepard* v. *Union & New Haven Trust Co.,* 106 Conn. 627, 640, 138 Atl. 809; *Belcher* v. *Phelps,* 109 Conn. 7, 18, 144 Atl. 659; *New Haven Bank* v. *Hubinger,* supra, 424.

It is a sufficient answer to the questions propounded to say that, as regards the trust for each of the grandchildren of the testatrix who were under eighteen years of age at her death, income which accrued before he or she reached that age became, at the termination of the trust, a part of the residuary estate.

No costs will be taxed in this court.

In this opinion the other judges concurred.