## AMERICAN SECURITY & TRUST CO. et al. v. BLAIR.

No. 6039.

Court of Appeals of the District of Columbia.

Argued March 7, 1934.

Decided April 9, 1934.

Rehearing Denied April 30, 1934.

John S. Flannery, Benjamin S. Minor, H. Prescott Gatley, Arthur P. Drury, Ralph D. Quinter, F. D. McKenney, and G. B. Craighill, all of Washington, D. C., for appellants.

William B. McIlvaine, of Chicago, Ill., and Edward B. Burling, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District construing item 6 of the will of Frederic A. Keep.

Mr. Keep died June 2, 1911, leaving his

widow, a brother, and three sisters. At the time of the filing of the bill herein, the brother and sisters had died. The brother and two of the sisters left no issue. The third sister left a son, Wolcott Blair, and a grandson, Watson K. Blair (son of Wolcott). The interests of the grandson are represented by a guardian ad litem.

The will, after very substantial bequests and devises, provided in item 6 as follows: "I give, devise, and bequeath the entire remainder of my estate, real, personal, and mixed of which I die possessed or entitled to at the time of my death, to Seymour Morris and Watson Blair, of Chicago, in fee simple as trustees, in trust for the uses and purposes following, to wit: To collect all rents, revenues, and income therefrom and, after making all proper deductions for repairs, taxes, insurance, and other expenses in connection with the administration of the trust hereby conferred on them, to pay over the net income of the said trust estate, quarterly, or oftener, if convenient, to my wife, Florence S. Keep, during the term of her life, provided, however, the said net income shall not in any one year exceed the sum of forty thousand dollars ($40,000), and all excess and surplus of said net annual income and receipts over and above the sum of forty thousand dollars ($40,000) which is directed to be paid to my wife, Florence, shall be credited to the corpus of my estate until the personal assets of the estate (not including stock or interests in lumber companies) shall amount to one million of dollars, and when the estate (excluding all interests in lumber companies) shall amount to one million of dollars, the annual net income derived from the entire estate over and above the sum of forty thousand dollars ($40,000) per annum hereinbefore directed to be paid to my wife, Florence, shall be paid share and share alike to my brother and sisters who are alive at that time, and at the death of my wife, Florence, the trust shall cease and determine and the estate shall be distributed absolutely in fee simple, share and share alike, to my brother and sisters who are alive at that time, and should my wife, Florence, not survive me all legacies and benefits conferred on her by this instrument lapse and become part of the corpus of my estate, which, after paying all legacies as hereinbefore directed, shall be distributed share and share alike to my brother and sisters who survive me. * * * I empower the said trustees, or those who might succeed them in this trust, at any time during the life of my wife at their absolute discretion, to sell, mortgage, or otherwise dispose of any part of the trust estate, real, personal, or mixed, and the proceeds to invest, and to reinvest as occasion may demand, but the proceeds in every case shall be invested upon the same trusts as are by this my will directed, without its being obligatory upon the purchasers, lessees, or mortgagees to see to the application of the proceeds. * * * "

For some years prior to the filing of the bill, the value of the trust estate (excluding all interests in lumber companies) in the hands of the trustees exceeded $1,000,000, and the net income therefrom had been in excess of $40,000. Such excess income was distributed to the brother and sisters of the testator until the death of the last survivor, testator's sister, Alice K. Blair, on March 5, 1931. Since that date, no distribution of excess income has been made. Wolcott Blair claims to be entitled to such excess income during the lifetime of the widow of the testator.

The court below was of the opinion that "the testator did not intend that the excess income should be accumulated after the personal assets of the estate had reached the sum of $1,000,000. He (testator) specifically directed that after this event occurred the excess income should be divided among his brother and sisters each year. He expected at least one of them to survive his wife, for he directed that at her death the estate should be divided among the brother and sisters who were then alive."

The law recognizes the right of the owner of property to dispose of it by will. Inasmuch as that instrument speaks when the voice of the testator is stilled by death, its provisions must be the guide of the court in determining the testator's intent. Where the language of the will is unambiguous and no positive rule of law is violated, that intent ought to be given effect; and it will be assumed, in the absence of fraud or undue influence, that the disposition actually made by the testator represented his intentions. Association of Survivors of Seventh Ga. Regiment v. Larner, 55 App. D. C. 156, 3 F.(2d) 201.

The will before us disposed of a large estate and was very evidently drawn by one skilled in the use of appropriate language to convey the intention of the testator. It is equally apparent that the testator had carefully considered every contingency for which he desired to provide. His primary consideration was for his wife. His sole remaining consideration was for his brother and sisters.

He conveyed to his trustees the whole residuary estate, and directed that it be held during the lifetime of his wife and be distributed at her death. Under the express terms of the will the brother and sisters surviving at the time the income of the million-dollar estate exceeded $40,000 were entitled to the excess. At the death of the widow, "the trust shall cease and determine and the estate shall be distributed absolutely" to the testator's brother and sisters "who are alive at that time." The interests of the brother and sisters were contingent upon their surviving the widow, and their interests terminated upon their decease during her lifetime. From the decease of the last survivor until the final distribution of the estate, the will makes no provision for the payment of the excess income. In such circumstances, the intention of the testator that the income in excess of $40,000 per year should be permitted to accumulate during the life of the trust, that is, until final distribution, will be implied. Townsend v. Wilson, 77 Conn. 411, 59 A. 417; Perry v. Brown, 34 R. I. 203, 83 A. 8; Eberly's Appeal, 110 Pa. 95, 1 A. 330; Hurford v. Haines, 67 Md. 244, 9 A. 540. It is part of the trust estate and not subject to distribution until "the trust shall cease and determine."

Decree reversed.

Reversed.