The RIGGS NATIONAL BANK, Trustee under the Will of Joseph S. Justh, deceased, Plaintiff,

v.

Charlotte S. HOLTMAN et al., Defendants.

Civ. A. No. 783–63.

United States District Court District of Columbia.

Sept. 19, 1963.

Frederick M. Bradley and James E. Murray, Washington, D. C., for plaintiff.

Ward E. Lattin, Washington, D. C., for defendants Nos. 1, 2 and 3.

James S. Gardiner, Washington, D. C., for defendants Nos. 4, 5, 6, 7, 8, 9, 10, 12 and 13.

Richard H. Wilmer, Washington, D. C., for defendant No. 14.

Geoffrey Creyke, Jr., Washington, D. C., for defendant No. 15.

Raymond E. Gable, Washington, D. C., for defendant No. 16.

Robert Livingston, Dept. of Justice, for the Government, as amicus curiae.

HOLTZOFF, District Judge.

This is an action for the construction of a will and is before the Court at this time on motions for summary judgment made by all the parties in interest who have appeared in this action. The question involved is who will be entitled to the surplus income that is being accumulated from year to year after the termination of the trust created by the will.

The old saying that no will has a twin brother is nowhere better illustrated than by the will here involved. The will creates a trust of certain real property described in Paragraph Second of the instrument. It directs the Trustee to pay to certain named individuals, one of whom is the testator's daughter, the income from the corpus of the estate in certain specified monthly amounts. The question involved in this case arises out of the fact that the total income of the

trust estate exceeds the aggregate amount of the specific payments directed to be paid out of the income.

The Fourth paragraph of the will makes provision for the disposition of the corpus of the trust estate upon the termination of the trust; the termination, as provided in the Second paragraph of the will, to take place twenty years after the death of the decedent. The Fourth paragraph of the will provides that the Trustee shall then sell the property left in trust. It is directed that "the net proceeds" shall be disposed of in the following manner. Certain payments in specified amounts are to be made to named individuals. There follows a provision that the remainder of "said proceeds" should be divided by the Trustee into four equal shares; one of the shares to be paid to the District of Columbia Chapter of the American Red Cross, another to the Salvation Army of the District of Columbia, another to the Masonic and Eastern Star Home of the District of Columbia, and the fourth to the District Columbia Department of the American Legion. There is no residuary clause in the usual form. There is no express provision for the disposition of the surplus income, accumulated while the trust is in effect.

It is claimed by the daughter that the absence of any express provision disposing of the surplus income accumulated during the term of the trust estate creates an intestacy and that, therefore, she is entitled to this surplus since she is the sole next of kin. It is contended by the four charities that the surplus income should be divided among them on the theory that the word, "proceeds", in the Fourth paragraph of the will, should be construed broadly enough to comprise not only the proceeds of the sale of the real property, but also all other assets that are not disposed of. It is urged in behalf of the legatees named in Paragraph Second of the will that this surplus should be distributed among them.

■ It is argued that the law does not favor intestacy, and that in case of doubt or ambiguity, the will should be construed in such a manner as to avoid intestacy. There is a conflicting canon to the effect that in case of doubt preference should be accorded to members of the family who would be the natural objects of the testator's bounty. These general canons of construction are, after all, precatory rather than mandatory, and are not of much help in a situation where the document, itself, is not ambiguous.

The Court is of the opinion that the four charities are entitled to the remainder of the net proceeds of the sale of the real property because that is what the will provides. It would be a tortured construction of the words, "net proceeds of the sale", to add to those net proceeds the accumulated surplus income. On the other hand, the Court perceives no basis for distributing the accumulated surplus among the individual legatees named in Paragraph second of the will. Specified monthly payments are to be made to these legatees during the life of the trust. No reason is discernible for awarding to them, in addition to these payments, any share in the accumulated income after the termination of the trust.

■ The conclusion seems inescapable that there is an intestacy as concerns the accumulated income and, therefore, the accumulated income should pass to the next of kin, in this instance, the daughter.

The Court has considered the cases upon which counsel for the four charities rely, and is of the opinion that they are distinguishable.

In American Security & Trust Co. v. Blair, 63 App.D.C. 170, 70 F.2d 774, there was a true residuary clause in the usual form. The difficulty in the instant case arises out of a lack of a residuary clause disposing of all the rest and remainder of the property.

In Kenaday v. Sinnott, 179 U.S. 606, 21 S.Ct. 233, 45 L.Ed. 339 there was a clause devising to the widow "all [of the] real estate, household furniture and claims pending in the courts in relation to said real estate". The Court, 179 U.S. at page 620, 21 S.Ct. at page 238, 45 L.Ed. 339, stated that it was the general inten-

tion of the testator in this case to leave all of his property to his wife except that which was specifically otherwise disposed of. The Court necessarily was following the maxim that in case of doubt a disposition of property to the natural objects of the testator's bounty should be preferred. In the case at bar, however, it is sought to apply this principle to the four charities. They are not entitled to any such preference.

Accordingly, the Court construes the will as not disposing of the accumulated surplus income from the real property left in trust. Hence there is an intestacy as to this accumulation and, therefore, it passes to the next of kin, in this case, the daughter.

Counsel may submit an appropriate order.

The Court is indebted to counsel for a very able presentation of the various questions involved in this case.